## DEAN *v.* BURLESON.

OFFICERS; GOVERNMENT EMPLOYEES; MANDAMUS.

This case is governed by the decision of the court in the case of *Persing* v. *Daniels, ante,* 470.

No. 2794. Submitted April 6, 1915. Decided April 19, 1915.

HEARING on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia, dismissing a petition for the writ of mandamus heard upon a petition, a rule to show cause, and an answer.               *Affirmed.*

The facts are stated in the opinion.

Mr. *Frank E. Elder* for the appellant.

Mr. *John E. Laskey,* United States District Attorney, and Mr. *C. W. Arth,* Assistant, for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

This is a mandamus proceeding to compel the respondents, Albert S. Burleson, Postmaster General, and Otto Praeger, Postmaster of Washington, D. C., to restore plaintiff, George Dean, an honorably discharged soldier of the United States, to the position in the Washington city postoffice from which he had been discharged May 15, 1914, after service of many years.

The case was heard on petition, rule to show cause, and answer of respondents, and dismissed.

The following allegations were set out in the answer:

"That so far as respondents are informed, the plaintiff is, as stated, an honorably discharged soldier of the United States.

"That during the period between December 31, 1913, and May 15, 1914, plaintiff performed the duties assigned to him in said Washington city postoffice very well, considering said plaintiff's impaired efficiency due to his advanced age, but respondents are unable to admit that at and before said period, plaintiff's services as aforesaid had never been rated less than good. Respondents aver that prior to the 28th day of November, 1906, petitioner was foreman of the official section of the Washington city postoffice, which section was charged with the duty of receiving, and assorting for delivery, official mail, but on said last-named day, by order of the superintendent of the delivery division, he was assigned to less responsible duties, because, as respondents believe, of his impaired efficiency, and on the 8th day of April, 1907, his salary was reduced from $1,400 to $1,200 per annum, wherefore they say, impairment of his efficiency was in progress upon said dates.

"That although the plaintiff had an efficiency rating of 88 per cent on January 20, 1914, respondents aver that such rat-

ing was comparatively low for the character of work which the plaintiff was then performing, to wit, cutting strings from small packages of letters, and reviewing letter mail for the United States Senate and House of Representatives postoffice, for the purpose of removing therefrom any and all letters which were not, according to address, intended for delivery through the said Senate and House of Representatives postoffices.

"Defendants further aver that plaintiff was separated from the service of the said Washington city postoffice on the said 15th day of May, 1914, for the reason that said plaintiff's efficiency in any useful capacity in connection with said service was then and for some months prior thereto had been so impaired, by reason of plaintiff's old age and infirmities, that respondents, in the exercise of their official discretion, determined that the character of said services required his removal, and they could not longer, in justice to their respective obligations to the government of the United States, and in the proper administration of their respective offices, retain said plaintiff in said service."

This appeal was argued and submitted with number 2793, *Persing* v. *Daniels* [*ante,* 470] the question involved being the same.

For the reasons given in the opinion in that case the judgment is affirmed, with costs.                          *Affirmed.*